**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LEVI MARTINEZ,
    #40823

    Plaintiff,

vs.

SAMUEL CHAPMAN, *et al.*,

    Defendants.

3:10-cv-00746-LRH-VPC

**SCREENING ORDER**

This is a prisoner civil rights action. On February 7, 2011, the court dismissed certain claims and granted plaintiff leave to amend others (docket #9). The court now reviews the amended complaint (docket #20).

**I. Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir.

1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

In his amended complaint, plaintiff, who is incarcerated at Lovelock Correctional Center

("LCC"), has sued LCC Warden Robert LeGrand, and corrections officers Robert Beach, Samuel Chapman and Lt. M. Wightman. Plaintiff alleges the following: on July 10, 2010, he was on the yard labor crew and had informed Beach that the push mower had a broken handle and no longer cut grass very well. Plaintiff used the mower that day, then later heard from others on the crew that it was broken. Defendant Beach later told plaintiff the whole crew would be terminated because the mower was broken. Plaintiff was served with a notice of charges. Plaintiff prepared a written list of requested witnesses, a statement of defense and an affidavit. On August 9, 2010, defendant Chapman conducted the disciplinary hearing. As soon as plaintiff entered Chapman's office, Chapman–without allowing plaintiff to "enter a plea"–told him "I'm going to do to you as I did with all the others," and found plaintiff guilty. Chapman refused the documents proffered by plaintiff and did not allow plaintiff to say anything or present a defense. The written summary of disciplinary hearing falsely noted that plaintiff entered a plea, was asked but declined to present witnesses and entered into a plea agreement. Defendant LeGrand refused to consider plaintiff's appeal on the (false) basis that he had pled guilty to the charges. Plaintiff claims that defendants have violated his First Amendment rights as well as his Fourteenth Amendment due process rights.

With respect to due process rights under the Fourteenth Amendment, "[p]risoners . . . may not be deprived of life, liberty or property without due process of law . . . .[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). When a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See id.* at 563-70; *see also Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003); *Neal v. Shimoda*, 131 F.3d 818, 830-31 (9th Cir. 1997); *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995);

1  *McFarland v. Cassady*, 779 F.2d 1426, 1428 (9th Cir. 1986), *abrogated in part on other grounds by*
2  *Sandin*, 515 U.S. 472.

3  In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law
4  which had held that states created protectable liberty interests by way of mandatory language in prison
5  regulations. *Id*. Instead, the Court adopted an approach in which the existence of a liberty interest is
6  determined by focusing on the nature of the deprivation. *Id*. In doing so, the Court held that liberty
7  interests created by prison regulations are limited to freedom from restraint which "imposes atypical and
8  significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.
9  Although a prisoner whose liberties are at stake must be given the opportunity to present evidence and
10 call witnesses at a disciplinary hearing, *Wolff*, 418 U.S. at 556, no due process claim lies where an
11 alleged *Wolff* violation deprives the prisoner of no cognizable liberty interest, *Sandin*, 515 U.S. at
12 483–84.

13 Plaintiff alleges that he has suffered atypical and significant hardship because the disciplinary
14 went on his record and because he lost his job with the yard labor crew. Yet generally, as the court
15 stated when it screened plaintiff's original complaint, a prisoner has no constitutional right to
16 rehabilitation or education while in prison. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Rizzo*
17 *v. Dawson*, 778 F.2d 527, 531 (9th Cir.1985). Nor has Nevada created a protected liberty or property
18 interest in its educational or vocational prison programs. *See* Nev.Rev.Stat. § 209.389(4).

19 Plaintiff also alleges that the disciplinary charges have resulted in a longer sentence. However,
20 when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge
21 that could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser*
22 *v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct.
23 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or
24 imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct
25 appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such
26 determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C.
27 § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that
28 relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."

4

*Id.* at 488. Accordingly, if plaintiff seeks to challenge the extension of his sentence that allegedly resulted from disciplinary hearings that did not afford him due process, he must file a habeas corpus petition.[1] Therefore, plaintiff's Fourteenth Amendment claims are dismissed.

Under Count I, plaintiff lists as the civil right violated his First [and Fourteenth] Amendment right[] to be free of retaliatory actions. However, while plaintiff alleges that defendants violated his rights by not affording him disciplinary proceedings that comported with due process, plaintiff sets forth no allegations that defendants retaliated against him for any constitutionally protected conduct. To the extent that plaintiff intended to bring a First Amendment claim, such claim is dismissed.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's amended complaint (docket #20) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank form for petition for writ of *habeas corpus* with instructions.

**IT IS FURTHER ORDERED** that defendants' motion for screening of first amended complaint (docket #21) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED this 31st day of May, 2011.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff must exhaust all available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254 (b); *Rose v. Lundy*, 455 U.S. 509 (1982). If plaintiff were to prevail in a habeas action, he would be able to file a § 1983 suit for damages at that time. *Heck*, 512 U.S. at 488.